UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NAT'L ASS'N,<br><br>Plaintiff,<br><br>v.<br><br>ROTONDA R. LLOPIS, ET AL.,<br><br>Defendants. | No.  2:13-cv-2288 MCE AC PS<br><br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff U.S. Bank National Association commenced an unlawful detainer action in Solano County Superior Court on June 3, 2011.[1]  Compl., Ex. A.  Defendants Rotonda and Gerald Llopis removed this action on November 4, 2013 purportedly on the basis of subject matter jurisdiction, along with a request to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted.  A plaintiff fails to state a claim when the court lacks jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).

Courts "strictly construe the removal statute against removal jurisdiction," and "the

---

[1] This case appears to be duplicative of U.S. Bank Nat'l Ass'n v. Llopis et al., 2:13-cv-1762 JAM AC, which concerns the same unlawful detainer action and which was removed to this court on August 26, 2013 and remanded to the Solano County Superior Court on October 23, 2013 for lack of subject matter jurisdiction.

1

1  defendant always has the burden of establishing that removal is proper." <u>Gaus v. Miles, Inc.</u>, 980
2  F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as
3  to the right of removal in the first instance." <u>Id.</u>  Removal is proper only if the court could have
4  exercised jurisdiction over the action had it originally been filed in federal court. <u>Caterpillar, Inc.</u>
5  <u>v. Williams</u>, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction
6  is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists
7  only when a federal question is presented on the face of the plaintiff's properly pleaded
8  complaint." <u>Id.</u>

9       Attached to the Notice of Removal is a copy of the complaint filed by plaintiff in the
10  Solano County Superior Court.  The complaint contains a single claim for unlawful detainer.  In
11  defendants' removal notice, it is asserted that the court has jurisdiction pursuant to, inter alia, the
12  Fourteenth Amendment for purported due process and equal protection violations regarding the
13  underlying unlawful detainer action.  Plaintiff's complaint for unlawful detainer, however, does
14  not state claims under any federal law.  Rather, defendants appear to assert that their
15  constitutional rights are at issue by virtue of defendants' defense to the action.

16       Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-
17  party claim raising a federal question, whether filed in state or federal court. <u>See</u> <u>Vaden v.</u>
18  <u>Discover Bank</u>, 556 U.S. 49 (2009); <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042-43 (9th
19  Cir. 2009); <u>Metro Ford Truck Sales, Inc. v. Ford Motor Co.</u>, 145 F.3d 320, 327 (5th Cir. 1998);
20  <u>Preciado v. Ocwen Loan Servicing</u>, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); <u>Fed. Nat'l</u>
21  <u>Mortg. Ass'n. v. Bridgeman</u>, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint
22  indicates that the only cause of action is one for unlawful detainer, which arises under state law
23  and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction
24  under 28 U.S.C. § 1331 does not exist.

25       Based on the foregoing, IT IS HEREBY ORDERED that defendants' motion to proceed
26  in forma pauperis is granted; and

27       IT IS HEREBY RECOMMENDED that this action be remanded to the Solano County
28  Superior Court.

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a
5  document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendations."  Any response to the objections shall be filed with the court and served on all
7  parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file
8  objections within the specified time may waive the right to appeal the District Court's order.
9  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57
10 (9th Cir. 1991).
11 DATED: December 4, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE